# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3624 | **DATE** | 12/22/2003 |
| **CASE TITLE** | Bank One, et al. vs. Trammel Crow Services, Inc., et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss is granted in part and denied in part. [#8]. All claims against Trammell Crow Company are dismissed. With respect to TCS, Counts I and V of Bank One's Complaint are dismissed. The motion to dismiss against TCS is denied with respect to Counts II and III. TCS shall answer the remaining portions of the Complaint within 21 days from the entry of this opinion. This case will be called for status on February 17, 2004 at 9:30 a.m.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 23 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 22 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 03 DEC 22 PM 8:37 | 12/22/2003 | |
| MD | courtroom deputy's initials | FILED-03-10 | date mailed notice MD mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

BANK ONE, OKLAHOMA, N.A., LIBERTY )
REAL ESTATE COMPANY, and BANC ONE )
BUILDING CORPORATION, )
)
Plaintiffs, )
)
vs. ) No. 03 C 3624
) Judge Joan H. Lefkow
TRAMMELL CROW SERVICES, INC. and )
TRAMMELL CROW COMPANY, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

On April 2, 2003, plaintiffs, Bank One, Oklahoma N.A., Liberty Real Estate Company and Banc One Building Corporation (collectively "Bank One") filed suit in the Circuit Court of Cook County, Illinois, Law Division, against defendants, Trammel Crow Services, Inc. ("TCS"), and Trammel Crow Company, alleging professional negligence, negligent misrepresentation, breach of fiduciary duty, breach of contract and unjust enrichment for services rendered in relation to a sale/leaseback transaction.[1] On May 28, 2003, Trammel Crow removed the case to this court on diversity of citizenship grounds.[2] Before the court is Trammell Crow's motion

---

[1] The court uses "Trammel Crow" when referring to both companies and "TCS" when referring only to Trammel Crow Services.

[2] Because this case was removed from state court, the court must look at the citizenship of the parties "at the time the suit is filed and when it was removed." *Selfix, Inc.* v. *Brisk*, 867 F. Supp. 1333, 1334 n.2 (N.D. Ill 1994) (citing *Kanzelberger* v. *Kanzelberger*, 782 F.2d 774, 776 (7th Cir. 1986)). On May 15, 2003, after the original complaint was filed but before the case was removed on May 28, 2003, plaintiff Bank One Oklahoma, N.A. merged "into and under the charter and title of Bank One, National Association, Chicago, Illinois, Charter Nr. 8."

(continued...)

under Rule 12(b)(6), Fed. R. Civ. P., to dismiss the professional negligence (Count I), negligent misrepresentation (Count II), breach of fiduciary duty (Count III), and unjust enrichment (Count V) claims against TCS, and to dismiss all five Counts against Trammel Crow Company.[3] For the reasons stated below, the motion is granted in part and denied in part.

## MOTION TO DISMISS STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no facts in support of its claim that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy v. Nat'l Juvenile Det. Assoc.*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the motion, the court accepts as true all well-pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon v. Page*, 291 F.3d 485, 486 (7th Cir. 2002); *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999).

---

[2](...continued)
Accordingly, the courts looks to the citizenship of both Bank One, Oklahoma, N.A. and Bank One, N.A., Chicago. Bank One, Oklahoma N.A., is a national association with its principal place of business in Oklahoma and the state listed in its organization certificate is Oklahoma. Bank One, N.A., Chicago, is a national association with its principal place of business in Illinois and the state listed in its organization certificate is Illinois. Plaintiff Liberty Real Estate Company is an Oklahoma corporation with its principal place of business in Oklahoma. Plaintiff Banc One Building Corp is an Illinois corporation with its principal place of business in Illinois. Defendant Trammel Crow Company is a Delaware corporation with its principal place of business in Texas. Defendant Trammel Crow Services, Inc., formerly named Trammel Crow Corporate Services, Inc., is a wholly owned subsidiary of Trammel Crow Company. It is also a Delaware corporation with its principal place of business in Texas. The amount in controversy exceeds $75,000. This court's jurisdiction, therefore, rests in 28 U.S.C. § 1332(a)(1).

[3]Claim IV for breach of contract has been answered by TCS, who also filed a counterclaim.

## ALLEGATIONS OF THE COMPLAINT

On or about December 1, 1999, TCS and Banc One Building Corporation entered into a contract entitled "Amended and Restated Real Estate Acquisition and Disposition Services Agreement" (the "Contract"). (Compl. Ex. A.)[4] The Contract states that it "establishes the terms, conditions and consideration under which [TCS] will provide real estate acquisition and disposition services, as specified hereunder." (Compl. Ex. A, pg. 1.)[5]

One of the real estate services TCS was obligated to provide under the Contract related to sale/leaseback transactions. (Compl. ¶ 20.) Bank One's complaint arises out of a sale/leaseback transaction involving an office building owned by Bank One and located in a business district of Oklahoma City, Oklahoma (the "Property"). (Compl. ¶ 1.) Under TCS's advice, Bank One sold the Property on October 4, 2000 to Cherokee Simon LLC for $14.5 million. (Compl. ¶ 19.) Bank One alleges that Trammell Crow, in their advice to Bank One, negligently overstated the benefits of the sale/leaseback arrangement and understated the benefits of continued ownership. Bank One alleges damages in excess of $20 million. (Compl. ¶ 8.)

## DISCUSSION

### A. Claims Against Trammell Crow Company

Trammell Crow Company first moves to dismiss all claims brought against it because the parties to the Contract are TCS and Bank One. According to Trammell Crow Company, since it was not a party to the Contract, and because no basis exists for holding it liable under a piercing

---

[4] The court considers the Contract on this motion to dismiss because it is attached to Bank One's Complaint. *See, e.g., Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002); *Beanstalk Group, Inc. v. Am Gen. Corp.*, 283 F.3d 856, 858 (7th Cir. 2002).

[5] The contract specifies that Illinois law is to apply. (Compl. ¶ 27.02.)

3

of the corporate veil theory, all claims against it should be dismissed. In response, Bank One states that Trammel Crow Company, along with other entities, participated in transactions and had a relationship with Bank One that went beyond the contract with TCS. Accordingly, Bank One believes that Trammell Crow Company contributed to damages and should be similarly subject to the claims.

Bank One presents little by way of notice in the complaint as to why Trammel Crow Company is liable, particularly when it was not a party to the Contract. Instead, Bank One merely lumps TCS and Trammell Crow Company together and refers to them collectively as "Trammell Crow." The Contract itself serves as a basis for analysis for the claims against TCS because it was a party to the Contract, but it cannot do the same for Trammel Crow Company. Even if Trammel Crow Company acted in a way to contribute to these claims, the pleadings do not indicate what it did. Although only notice pleading is required, the complaint must make Trammell Crow Company aware of what forms the basis of the claims against it. *Ryan v. Mary Immaculate Queen Ctr.*, 188 F.3d 857, 860 (7th Cir. 1999) (pleadings must allow the defendant "to be aware of defendant's complained of conduct."). This complaint fails to provide even such minimal notice.

Moreover, if Bank One attempts to show that Trammell Crow Company may be held liable as the parent company and TCS as its subsidiary, the complaint is still insufficient. Under Illinois law, corporations are considered to be separate and distinct legal entities, even when one corporation wholly owns another or the two conduct mutual business. *Janikowski v. Lynch Ford*, No. 98 C 8111, 1999 WL 519300, at *1 (N.D. Ill. July 16, 1999). A claim against a parent based only on actions of the subsidiary would involve piercing the corporate veil. In Illinois, a

4

corporate veil may be pierced only when there is a showing of unity of interest and ownership and where viewing the companies as separate entities would protect or sanction fraud and promote injustice. *Logal v. Inland Steel Indus.*, 209 Ill. App. 3d 304, 309, 568 N.E. 2d 152, 156 (1991). Relevant facts would include a co-mingling of funds, undercapitalization and failure to observe corporate formalities. None of these specific criteria have been set out in these pleadings, nor does the complaint even advance a piercing of the corporate veil theory. Accordingly, the motion to dismiss Trammell Crow Company is granted.

## B. Claims Against TCS

TCS moves to dismiss the professional negligence, negligent misrepresentation, breach of fiduciary duty and unjust enrichment claims brought against it. The court will consider each individual claim in turn.[6]

### 1. *Professional Negligence (Count I)*

TCS moves to dismiss Bank One's claim for professional negligence on grounds that it is barred by the economic loss doctrine. Under Illinois law, the economic loss doctrine, often called the *Moorman* doctrine, prevents recovery for most tort claims when the damages are solely economic.[7] *Moorman Mfg. Co. v. National Tank Co.*, 91 Ill. 2d 69, 91, 435 N.E. 2d 443, 453

---

[6]Bank One attempts to bring separate claims for professional negligence (Count I) and negligent misrepresentation (Count II). Each is alleged to be an exception to the economic loss doctrine, which TCS believes is applicable here. The court notes, as did Judge Coar in *MW Mfrs. v. Freidman Corp.*, No. 97 C 8319, 1998 WL 417501, at *6 n.2 (N.D. Ill. July 21, 1998), that under Illinois law it is unclear whether a professional negligence claim based on an "extracontractual duty" entails a separate test from the negligent misrepresentation test. Neither plaintiff nor defendant cites any case law supporting this distinction. In any event, since the claims make up two separate counts, the court will address the Count I professional negligence claim under the "extracontractual duty" analysis and the negligent misrepresentation claim under the appropriate standard of whether the defendant was "in the business of supplying information for the guidance of others in their business transactions." *Id.* at 4.

[7]Economic loss is defined under Illinois law as "'damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits–without any claim of personal injury or damages

(continued...)

(1982); *Fireman's Fund Ins. Co. v. SEC Donohue*, 176 Ill. 2d 160, 164, 679 N.E. 2d 1197, 1199 (1997); *Congregation of the Passion v. Touche Ross & Co.*, 159 Ill. 2d 137, 159-60, 636 N.E.2d 503, 513 (1994). In such cases, contract law is more appropriate, and allowing both claims to stand might allow tort law to overwhelm contract law. *Fireman's Fund*, 176 Ill. 2d at 163, 679 N.E. 2d at 1199.

The economic loss doctrine covers service contracts, and in this context prevents tort claims "where the duty of the party performing the service is defined by the contract that he executes with his client." *Congregation of the Passion*, 159 Ill. 2d at 162, 636 N.E. 2d 514. Following "practice and tradition," however, Illinois courts have carved out a few specific exceptions to the *Moorman* doctrine. *E.g., Collins v. Reynard*, 154 Ill. 2d 48, 51, 607 N.E. 2d 1185, 1186. (1992); *Congregation of the Passion*, 159 Ill. 2d at 163, 636 N.E. 2d at 515. As relevant here, the economic loss doctrine does not apply when a defendant has undertaken an "extracontractual duty apart from any contractual undertaking." *Collins*, 154 Ill. 2d at 51, 607 N.E. 2d at 1187. Such a duty has been established in the context of both attorneys and accountants, as tort law "traditionally afforded an avenue of recovery." *Congregation of the Passion*, 159 Ill. 2d at 164, 636 N.E. 2d at 515.

Beyond this narrow range of professions, however, courts have not imposed an extra-contractual duty, and instead hold that the economic loss doctrine applies. *MW Mfrs. Inc. v. Friedman*, No. 97 C 8319, 1998 WL 417501, at *6 (N.D. Ill. July 21, 1998) ("This test is quite

---

[7](...continued)
to other property' and 'the diminution in the value of the product because it is inferior in quality and does not work for the general purposes for which it was manufactured and sold.'" *MW Mfrs., Inc.*, 1998 WL 417501, at *3 (quoting *Moorman*, 91 Ill. 2d at 81, 435 N.E. 2d at 449-50)).

6

limited and has only been applied successfully to attorney-defendants . . . and accountant-defendants."); *Castrol Indus. N. Am. v. Airosol*, No. 01 C 1077, 2002 WL 31049857, at *4 (N.D. Ill. Sept. 12, 2002). In the case at hand, the profession of real estate service providers does not have an established tradition of tort claims, nor is the relationship directly analogous to that of attorneys or accountants. Moreover, the relationship between the parties was well detailed in the Contract. (Compl. Ex. A.) As such, the motion to dismiss the Count I professional negligence claim against TCS is granted.

2.  *Negligent misrepresentation (Count II)*

Once again relying on the economic loss doctrine, TCS moves to dismiss Bank One's claim for negligent misrepresentation. Generally, negligent misrepresentation claims involve the breach of a duty in obtaining and communicating information upon which others may reasonably expect to rely in managing their economic affairs. *Zimmerman v. Northfield*, 156 Ill. App. 3d 154, 163, 510 N.E. 2d 409, 415 (1987). As discussed above, under Illinois law, contract law alone governs most cases that have purely economic damages. *Moorman*, however, established as an exception to the economic loss doctrine situations "where one who is in the business of supplying information for the guidance of others in their business transactions makes negligent representations." *Moorman*, 91 Ill. 2d at 89, 510 N.E. 2d at 452.

This exception focuses on "whether the defendant is in the business of supplying information for the guidance of others, or whether the information that is supplied is merely ancillary to the sale or in connection with the sale of merchandise or other matter." *Fireman's Fund Ins. Co.*, 176 Ill. 2d at 168, 679 N.E. 2d at 1201. Determining whether the exception applies requires "a precise, case-specific inquiry." *Rankow v. First Chicago Corp.*, 870 F.2d

356, 361 (7th Cir. 1989). A defendant must be "in the business of supplying information for the guidance of others in their business transactions," *Fireman's Fund Ins. Co.*, 176 Ill. 2d 160, 168-69, 679 N.E. 2d at 1201, and the end result of the relationship must be an intangible object which could not be described in a contract. *See MW Mfrs. Inc.*, 1998 WL 417501, at *4 ("In short, if the intended end result of the plaintiff-defendant relationship is for the defendant to create a product, a tangible thing, then the defendant will not fit into the 'business of supplying information' negligent misrepresentation exception."); *see also, 2314 Lincoln Park W. Condo. Ass'n v. Mann, Gin Ebel & Frazier, Ltd.*, 136 Ill. 2d 302, 313, 555 N.E. 2d 346, 351 (1990) (noting that architect does supply information, but such information is incidental to a tangible product, *i.e.*, a structure); *Fireman's Fund*, 176 Ill. 2d at 168, 679 N.E. 2d at 1201 (while noting that engineer supplied plans and drawings which were information, these were incidental to the final tangible product the engineer was hired to design).

There is little question here that TCS did in fact provide information to Bank One, as the complaint alleges that "defendant performed financial analysis upon which Bank One relied" and "Defendant recommended that the Bank enter into the sale/leaseback." (Compl. ¶¶ 3-5, 18, 25.) Moreover, there is nothing to suggest in the complaint that the information itself was anything but an intangible product. Certainly the complaint presents nothing comparable to a scenario involving an architect or engineer producing a tangible product from information supplied. The issue here, therefore, turns on whether TCS is in fact in the business of providing such information. For purposes of this motion, there is little to suggest otherwise. The complaint itself specifies that TCS undertook financial analysis to Bank One and advised it on the proposed transaction and that TCS "will provide real estate acquisition and disposition services." Given

that providing information is what TCS was hired to do, for purposes of this motion the court is satisfied that TCS is in the business of supplying information. Accordingly, the motion to dismiss the negligent misrepresentation claim against TCS is denied.[8]

*3. Breach of Fiduciary Duty (Count III)*

TCS next seeks dismissal of Bank One's breach of fiduciary duty claim on grounds that no fiduciary duty was ever formed. "A fiduciary duty is the duty of an agent to treat his principal with the utmost candor, rectitude, care, loyalty, and good faith–in fact to treat the principal as well as the agent would himself." *Burdett* v. *Miller*, 957 F.2d 1375, 1381 (7th Cir. 1992). As the court in *Burdett* explained,

> The common law imposes [a fiduciary duty] when the disparity between the parties in knowledge or power relevant to the performance of an undertaking is so vast that it is a reasonable inference that had the parties in advance negotiated expressly over the issue they would have agreed that the agent owed the principal the high duty that we have described, because otherwise the principal would be placing himself at the agent's mercy.

*Id.*

In some instances, Illinois law imposes a fiduciary duty as a matter of law. *See Peterson* v. *H & R Block Tax Servs.*, 971 F. Supp. 1204, 1212 (N.D. Ill. 1997) (citing *Winston & Strawn* v. *Nosal*, 279 Ill. App. 3d 231, 239, 664 N.E. 2d 239, 244-45 (1996) (partners); *Newton* v. *Aitken*, 260 Ill. App. 3d 717, 722, 633 N.E. 2d 213, 218 (1994) (joint venturers); *Lossman* v. *Lossman*, 274 Ill. App. 3d 1, 7, 653 N.E. 2d 1280, 1286 (1995) (attorney and client); *Matter of Estate of Dyniewicz*, 271 Ill. App. 3d 616, 622, 648 N.E. 2d 1076, 1081 (1995) (guardian and ward); *Smith*

---

[8]TCS relies heavily on this court's prior opinion in *Sliter* v. *Cruttenden Roth, Inc.*, 00 C 3845, 2000 WL 1745184 (N.D. Ill. Nov. 27, 2000). In that case the defendant was an underwriter of securities. *Id.* at *6. While the court did state that it was ruling on plaintiff's claim for negligent misrepresentation, the parties did not advocate an analysis concerning whether the defendant was in the business of supplying information to others, which is the focus of this dispute. Thus, the court does not view *Sliter* as determinative.

9

v. *First Nat. Bank of Danville*, 254 Ill. App. 3d 251, 261, 624 N.E. 2d 899, 907 (1993) (trustee and beneficiary); *Kurtz v. Solomon*, 275 Ill. App. 3d 643, 651, 656 N.E. 2d 184, 190 (agent and principal)). Bank One argues that a fiduciary duty exists as a matter of law here because TCS served as Bank One's agent. *See, e.g., Kirkruff v. Wisegarver*, 297 Ill. App. 3d 826, 831, 697 N.E. 2d 406, 411 (1998) ("Once an agency relationship is found, a fiduciary relationship arises as a matter of law."); *Ransom v. A.B. Dick Co.*, 289 Ill. App. 3d 663, 672, 682 N.E. 2d 314, 322 (1997) ("Particular relationships, such as attorney-client and principal-agent, constitute fiduciary relationships as a matter of law."). An agency relationship exists when "1) the principal has the right to control the manner and method in which the agent performs work for her, and 2) the agent has the power to subject the principal to personal liability." *Peterson*, 971 F. Supp. at 1213 (quoting *Knapp v. Hill*, 276 Ill. App. 3d 376, 380, 657 N.E. 2d 1068, 1071 (1995)). Bank One relies on *Kirkruff*, where the court stated that "[a] real estate broker serves as an agent of a property owner, and an agency relationship engenders a type of fiduciary affiliation in which the principal has the right to control the agent's conduct, and the agent has the power to act on the principal's behalf." *Id.* at 831, 697 N.E. 2d 411; *see also, Letsos v. Century 21-New West Realty*, 285 Ill. App. 3d 1056, 1063, 675 N.E. 2d 217, 223 (1996) ("A real estate broker serves as an agent of the owner of property, who bargains or negotiates on behalf of his principal in relation to the purchase or sale of property.").

Given that determining whether an agency relationship exists "constitutes a question of fact for the trier of fact," *Kirkruff*, 297 Ill. App. 3d at 830, 697 N.E. 2d at 409, and given that the complaint alleges that TCS was "the broker of the sale of the Property," that TCS "assumed complete control of the Property" and "controlled all information about the transaction," and that

10

Bank One "placed its trust and confidence in TCS," the court believes Bank One has pled enough to satisfy the notice pleading standards employed here. (Compl. ¶ 3.) While Trammell Crow maintains that an agency relationship is expressly contradicted by the terms of the Contract, on this motion the court disagrees and notes that the Contract itself provides that "[Trammell Crow] is an agent of [Bank One] in the performance of its Services as set forth herein." (Compl Ex. A. ¶ 4.10.) Accordingly, the motion to dismiss the breach of fiduciary duty claim is denied.[9]

*4. Unjust Enrichment (Count V)*

In Count V, Bank One asserts a common law claim of unjust enrichment based on TCS's financial benefit from its relationship with Bank One. This financial benefit, according to Bank One, is the fees paid to TCS for the Oklahoma City sale/leaseback transactions, which equals approximately $400,000.

To state a claim for unjust enrichment, Bank One must show that TCS "voluntarily accepted a benefit which would be inequitable to retain without payment." *People ex rel. Hartigan v. E & E Hauling, Inc.* 153 Ill. 2d 473, 497, 607 N.E. 2d 165, 177 (1992). According to TCS, a claim for unjust enrichment is a quasi-contractual theory of recovery and is, therefore, inconsistent with a contract claim. *See, e.g., First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1011 (7th Cir. 1985) ("Under Illinois law, a plaintiff may not state a claim for unjust enrichment when a contract governs the relationship between the

---

[9]TCS also argues that any breach of fiduciary duty claim is duplicative of the breach of contract claim and should be dismissed. In support, TCS cites *Neade v. Portes*, 193 Ill. 2d 433, 450, 739 N.E. 2d 497, 505-06 (2000), where the court dismissed a breach of fiduciary duty claim against a doctor because it was duplicative of a medical negligence claim. No case is cited applying this principle of law outside of the doctor/patient relationship, much less to a breach of contract claim. Given that this claim is not seriously argued (TCS's argument is one sentence), for purposes of this motion the court will deny this argument. If TCS continues to believe that *Neade's* reasoning is applicable here, it will have sufficient opportunity to make its argument as this case proceeds.

parties."); *Gudyka* v. *Lacy Forest Prod. Co.*, 686 F. Supp. 1301, 1306-07 (N.D. Ill. 1988) (in dismissing unjust enrichment claim noting that plaintiff "cannot have it both ways. Its only avenue of relief is for breach of contract.").

In response, Bank One argues that its claims for breach of contract and unjust enrichment are brought in the alternative. Bank One, therefore, believes any decision concerning whether the unjust enrichment claim may be pursued is premature. However, Bank One states in its complaint, and TCS does not challenge, that "three contracts between Bank One and Trammell Crow . . . covered virtually all aspects of Bank One's commercial real estate responsibilities in 2000." (Compl. ¶ 20.) *Compare Allied Vision Group, Inc.* v. *RLI Prof'l Techs., Inc.*, 916 F. Supp. 778, 780-81 (N.D. Ill. 1996) (dismissing unjust enrichment claim because the plaintiff admitted that a contract governed the relationship) *with Poindexter* v. *National Mortgage Co.*, No. 94 C 5814, 1995 WL 242287, at *6-7 (N.D. Ill. April 24, 1995) (allowing plaintiff to plead breach of contract and unjust enrichment in the alternative "until [defendant] concedes that the . . . contract governs the subject matter of this lawsuit."). Since the parties agree that the Contract governs their relationship, and since the pleadings do not present facts to support an alternative relationship where the services beyond the contract went uncompensated, the unjust enrichment claim must be dismissed.

## CONCLUSION

For the above stated reasons, the motion to dismiss is granted in part and denied in part. [#8]. All claims against Trammell Crow Company are dismissed. With respect to TCS, Counts I and V of Bank One's Complaint are dismissed. The motion to dismiss against TCS is denied with respect to Counts II and III. TCS shall answer the remaining portions of the Complaint

12

within 21 days from the entry of this opinion. This case will be called for status on February 17, 2004.

ENTER: /s/ Joan H. Lefkow
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: December 22, 2003